UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NADINE N. BURRELL-HAMILTON and
KELVIN TREVENSKY LEE,

                    Plaintiffs,

- against -

ISAIAH ALCARIO ODEN and CR
ENGLAND INC.,

                    Defendants.

**ORDER**

17 Civ. 2634 (PGG) (JLC)

PAUL G. GARDEPHE, U.S.D.J.:

        This is a personal injury case that Defendants removed from state court on diversity grounds. Plaintiff Kelvin Lee has moved for leave to file an amended complaint. (Notice of Motion (Dkt. No. 80)) Lee seeks to add unspecified claims against his co-plaintiff, Nadine Burrell-Hamilton, and to name Burrell-Hamilton as a "Third-Party Defendant." Because Lee and Burrell-Hamilton are New York residents, granting Plaintiff's motion would destroy diversity, and require that this case be remanded to state court. For the reasons stated below, Lee's motion will be denied.

## BACKGROUND

        This action arises out of a January 6, 2016 collision between two motor vehicles in the Bronx. (Cmplt. (Dkt. No. 16-3) ¶¶ 11, 23) According to the Complaint, Burrell-Hamilton was the driver of one of the vehicles, in which Lee was a passenger. (Id. ¶¶ 8, 23) Defendant Isaiah Oden operated the other vehicle with the knowledge, permission, and consent of Defendant CR England. (Id. ¶ 7) Plaintiffs allege that the collision resulted from Defendant

Oden's negligence, and that Plaintiffs suffered "serious injuries as defined in Sections 5102 and 5104 of the [New York] Insurance Law." (Id. ¶¶ 12, 16, 24)

On April 12, 2017, Defendants removed the action to this Court, alleging diversity jurisdiction under 28 U.S.C. §§ 1332, 1441. (Notice of Removal (Dkt. No. 1)) On May 12, 2017, Plaintiffs moved to remand. (Pltf. Mot. (Dkt. No. 15)) In a February 12, 2018 Order (Dkt. No. 25), this Court denied Plaintiffs' motion.

On June 26, 2019, after the close of discovery, Lee moved to file an amended complaint pursuant to Fed. R. Civ. P. 15(a)(2) and 20(a), through which he could pursue claims against his co-plaintiff, Burrell-Hamilton, and name Burrell-Hamilton "as a Third-Party Defendant." (Pltf. Br. (Dkt. No. 81) at 7)[1] According to Lee, Defendants' accident reconstruction expert report – which Plaintiffs received on November 23, 2018 (Expert Report (Dkt. No. 84-8)) – alerted Plaintiffs to the "potential conflict" between them. Defendants' expert concludes that the accident was caused by Burrell-Hamilton's negligence. (Pltf. Br. (Dkt. No. 81) at 7) As a result of this potential conflict, Lee and Burrell-Hamilton have retained separate counsel. (Id.)

Lee contends that this Court should grant his motion to amend, allow him to name Burrell-Hamilton as a third-party defendant, and then remand this case to state court based on a lack of diversity. (Id. at 8-11)

Defendants oppose Lee's motion arguing, inter alia, that Fed. R. Civ. P. 14(b) governs when a plaintiff may bring in third parties, and that a plaintiff may do so only when a counterclaim has been asserted against plaintiff. (Def. Opp. (Dkt. No. 84) at 8) Because no

---

[1] Citations to page numbers refer to the pagination generated by this District's Electronic Case Files ("ECF") system.

counterclaim has been asserted against Lee, Defendants argue that Lee may not name Burrell-Hamilton as a third-party defendant. (Id.)

## DISCUSSION

As an initial matter, Lee's motion to amend will be denied because he has not submitted a proposed amended complaint. "[I]t is difficult to evaluate a request to amend pleadings in the abstract." Separzadeh v. Iconix Brand Grp., Inc., No. 15 Civ. 8643 (AT) (JCF), 2017 WL 1330331, at *2 (S.D.N.Y. Apr. 10, 2017). "In order to meet the requirements of particularity in a motion to amend, 'a complete copy of the proposed amended complaint must accompany the motion so that both the Court and opposing parties can understand the exact changes sought.'" Zito v. Leasecomm Corp., No. 02 Civ. 8072, 2004 WL 2211650, at *25 (S.D.N.Y. Sept. 30, 2004) (quoting Smith v. Planas, 151 F.R.D. 547, 550 (S.D.N.Y. 1993)).

In deciding whether to pursue a motion to amend to add Burrell-Hamilton as a third-party defendant, and a subsequent motion to remand, Lee should make certain that such motions would comply with the Federal Rules of Civil Procedure. Because Burrell-Hamilton is a co-plaintiff, any claim by Lee against her would proceed by way of a cross-claim pursuant to Fed. R. Civ. P. 13(g).[2] See Fed. R. Civ. P. 13(g) ("A pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action.").

Third-party practice has no application here. Third-party practice is governed by Fed. R. Civ. P. 14(b). Rule 14(b) states that "[w]hen a claim is asserted against a plaintiff, the

---

[2] Despite the obvious applicability of Rule 13(g) to Plaintiff's motion, neither side has addressed the Rule.

3

plaintiff may bring in a third party if this rule would allow a defendant to do so." Fed. R. Civ. P. 14(b) (emphasis added). Accordingly, in order for Lee to join a third party, a counterclaim must have been asserted against him. Since no counterclaim has been asserted against Lee, he has no right to name Burrell-Hamilton or anyone else as a third-party defendant. See Gristmill Builders, Ltd. v. Edwards, No. 1:08-CV-54, 2009 WL 10678996, at *1 (D. Vt. Jan. 14, 2009) ("Rule 14 governs third-party practice and provides that, if a counterclaim is asserted against a plaintiff, the plaintiff may bring in a third party if a defendant would be allowed to do so under Rule 14(a). Fed. R. Civ. P. 14(b)."); see also, e.g., Rodd v. Region Const. Co., 783 F.2d 89, 92 (7th Cir. 1986) ("Rule 14(b), which authorizes the use of an impleader by a plaintiff, is restricted to situations where a counterclaim is asserted against a plaintiff."); Reyes-Fuentes v. Shannon Produce Farm, Inc., No. 6:08-CV-59, 2012 WL 1557368, at *4 (S.D. Ga. May 2, 2012) ("Rule 14(b) is restricted to situations where a counterclaim is asserted against the plaintiff, and the plaintiff cannot implead a third party where no counterclaim has been filed against him or her.") (internal quotation marks omitted); Spinney v. Greenwich Capital Fin. Prod., Inc., No. CIV.05-00747 ACK/KSC, 2006 WL 1207400, at *3 (D. Haw. May 3, 2006) ("Pursuant to Rule 14(b), a plaintiff may cause a third-party to be brought into an action only when a counterclaim has been asserted against the plaintiff.").

Finally, if Lee were to seek to assert a cross-claim against Burrell-Hamilton, such a claim would not defeat diversity jurisdiction. Federal courts have supplemental jurisdiction over cross-claims between non-diverse co-parties under 28 U.S.C. § 1367(a). See Hammond v. Toy Indus. Ass'n, Inc., 8 F. Supp. 3d 484, 488 (S.D.N.Y. 2014) ("With respect to the cross-claims . . . , the Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) wherever diversity jurisdiction does not exist."); see also Ryan ex rel. Ryan v. Schneider Nat. Carriers,

4

Inc., 263 F.3d 816, 819-20 (8th Cir. 2001) ("[P]laintiffs' main reason for adding [co-plaintiff] Harvey Ryan as a defendant, rather than filing a cross-claim against him, was to destroy diversity jurisdiction. . . . Although the plaintiffs have an interest in protecting themselves if Harvey Ryan is found liable for their injuries, the proper means for protecting their interest is the filing of a cross-claim against their co-plaintiff under Federal Rule of Civil Procedure 13(g). . . . The addition of the cross-claim did not defeat diversity jurisdiction."); Williams v. Carmean, No. CIV. A. 99-1095, 1999 WL 717645, at *1 (E.D. La. Sept. 13, 1999) ("Although it is true that plaintiffs have an interest in protecting themselves in the event that Williams is found liable for comparative fault, . . . the proper mechanism for doing so . . . is to allow plaintiffs to file a cross-claim against their co-plaintiff, under Federal Rule of Civil Procedure 13(g). . . . [T]he addition of the cross-claim does not defeat diversity jurisdiction. It is well established that supplemental jurisdiction extends to cross-claims properly asserted under Rule 13(g). . . .") (internal alterations and quotation marks omitted); Dougherty v. Johnson, No. C07-5441, 2007 WL 3375002, at *3 (W.D. Wash. Nov. 9, 2007) ("Plaintiff's assertion that the cross-claim between non-diverse defendants destroys diversity is incorrect. A defendant's cross-claim under Fed. R. Civ. P. 13(g) against another defendant will not defeat diversity even if the parties are citizens of the same state. . . . The court can retain jurisdiction over the cross claims through supplemental jurisdiction as provided in 28 U.S.C. § 1367(a).") (citing World Trade Ctr. Properties, L.L.C. v. Hartford Fire Ins. Co., 345 F.3d 154, 160 (2d Cir. 2003), abrogated on other grounds by Wachovia Bank v. Schmidt, 546 U.S. 303 (2006) (observing that supplemental jurisdiction over counterclaims is proper under 28 U.S.C. § 1367 even though "some of [the relevant parties] may be non-diverse").

## CONCLUSION

For the reasons stated above, Plaintiff Lee's motion to amend (Dkt. No. 80) is denied without prejudice. Any new motion for leave to amend is to be filed by March 30, 2020, and will include, as an exhibit, the proposed amended complaint. The Court will conduct a conference in this matter on **April 23, 2020 at 10:45 a.m.** in Courtroom 705 of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York. By **April 16, 2020**, the parties will submit a joint letter addressing (1) whether any party wishes to file a dispositive motion and, if so, the grounds for that motion and the adversary's response; and (2) the prospects for settlement.

Dated: New York, New York
       March 16, 2020

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge